UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:06CV1314 RWS |
| | ) |
| KIM LAUBE & CO., INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In this lawsuit Plaintiff FURminator, Inc. alleges that Defendant Kim Laube & Company, Inc. infringed upon two of FURminator's patents related to pet grooming tools. Laube filed counterclaims seeking a declaratory judgment regarding the patents and asserting tort claims. After the lawsuit was filed FURminator provided Laube with a release for any acts of infringement and a covenant not to sue Laube in the future on the patents at issue. FURminator has filed a motion to dismiss its claims without prejudice and seeks a dismissal of Laube's declaratory judgement counterclaims. I will grant FURminator's motion to dismiss based on the facts of the case and I will dismiss Laube's declaratory counterclaims based on a lack of subject matter jurisdiction.

*Background*

FURminator filed this action on August 31, 2006 asserting that Laube was infringing on U.S. Patent Nos. 6,782,864 (the '864 patent) and 7,007,076 (the '076 patent). The patents cover a pet grooming tool design. Laube brought counterclaims seeking a declaratory judgment of non-infringement, invalidity, and unenforceablilty of FURminator's patents (Counts I through VI) and asserting various state law tort claims (Counts VII through XI ). After some initial discovery, FURminator filed a motion to dismiss its patent claims without prejudice. In its

motion FURminator asserts that it has provided Laube with a release of its patent infringement claims and a covenant not to sue Laube in the future for infringement of the patents in suit. The covenant states, in relevant part, that it covers "any and all products being offered for sale on www.kimlaubecoshop.com or www.kimlaubeco.com, KLCI's websites, on July 20, 2007." Based on the release and the covenant not to sue, FURminator asserts that Laube's declaratory judgment claims should also be dismissed for lack of subject matter jurisdiction.

Laube objects to the dismissal of its declaratory judgment claims. Laube also seeks its legal fees and expenses as a condition of dismissal. It contends that FURminator knows that the patents in suit are invalid and that FURminator has a pattern of filing infringement lawsuits simply to restrain competition in the pet grooming tool business by Laube and other competitors.

### *Legal standard*

FURminator has moved to dismiss its claims without prejudice under Fed. R. Civ. P. 41(a)(2). "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999)(internal citations omitted).

### *Discussion*

FURminator asserts that it moved to dismiss its claims after examining Laube's sales figures and determining that Laube's sales do not justify the continued expense of the lawsuit. This is a proper reason for its desire to dismiss its claims. Furthermore a dismissal at this stage of the litigation, before a Markman hearing was held, will not result in a waste of judicial time

and effort. Nor will a dismissal prejudice Laube because it receives the benefit of the covenant not to sue to protect it from further litigation concerning the patents in suit. The record does not support any inference that dismissal is being sought to escape an adverse decision or to seek a more favorable forum. As a result I will grant FURminator's motion to dismiss. As a condition of dismissal, however, I will require FURminator to reimburse Laube for all of its reasonable attorneys' fees and costs incurred in this matter if FURminator files suit in the future in violation of the covenant not to sue.

FURminator asserts that its dismissal of its claims and provision of a covenant not to sue divests this Court of jurisdiction over Laube's declaratory judgment counterclaims pertaining to the validity and infringement of the patents in suit.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (1994), a district court has jurisdiction over a declaratory judgment action only when there is an "actual controversy." Whether an actual controversy exists upon particular facts is a question of law. Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 855 (Fed Cir. 1999). For an actual controversy to exist, the Court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 771 (U.S. 2007)(internal citation omitted).

An actual controversy must exist at all stages of review, not merely at the time the case is filed. Amana Refrigeration, Inc., 172 F.3d at 855. A covenant "not to sue for any infringing acts involving products "made, sold, or used" on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action." Id. See also Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1348 (Fed. Cir. 2007)(no actual controversy existed when the patent holder provided party seeking a declaratory judgment with a covenant not to sue).

Laube has objected to the dismissal of its declaratory judgment counterclaims. Laube asserts that the covenant not to sue is inadequate to divest the Court of jurisdiction over its counterclaims for two reasons. First the covenant does not specifically identify the two products alleged to infringe upon the patents in suit, namely, the iVac grooming tool and the Lazor Blade Rake grooming tool. Second, the covenant does not include a promise not to bring suit in the future over a third FURminator patent, U.S. Patent No. 7,222,588 B2 (the '588 patent). Laube states that if the dismissal does not include these two conditions Laube will "remain in apprehension of another baseless suit by FURminator."

Neither of these objections have merit. The covenant's language is worded broadly enough to include the two named products. Moreover, the fact that the covenant does not include a promise not to sue under the '588 patent is of no significance because that patent is not at issue in this lawsuit.

I find that FURminator's dismissal of its claims and its provision to Laube of a covenant not to sue has any negated any actual controversy pertaining to Laube's declaratory judgement counterclaims. As a result those counterclaims must also be dismissed based on a lack of subject matter jurisdiction.

Laube asserts that if FURminator's motion to dismiss is granted its claims should be dismissed with prejudice. A dismissal with prejudice would create a possibility that Laube could be awarded attorneys' fees under the exceptional case provisions of the Lanham Act, 15 U.S.C. §1117, and the patent statute , 35 U.S.C. § 285.

In support of a claim of exceptional circumstances, Laube claims that this lawsuit was filed despite an adverse ruling in a similar case in this District, <u>FURminator, Inc. v. Ontel Porducts Corp.</u>, 4:06CV23 CAS. Laube asserts that before the present lawsuit was filed FURminator was aware that the invalidation of the '846 patent was "inevitable." This assertion

is based on United States District Judge Charles A. Shaw's ruling in a preliminary claim construction order in the <u>Ontel</u> case on March 17, 2006. Laube claims Judge Shaw's order found that the limitations of the claims of the '846 patent were present in prior art and that the inventors had knowledge of and failed to disclose material prior art in the prosecution of that patent. <u>See Furminator, Inc. v. Ontel Products Corp.</u>, 429 F. Supp.2d 1153 (E.D. Mo. 2006). However, Laube's assertion on this point was specifically rejected by Judge Shaw in a ruling in the <u>Ontel</u> case on October 18, 2007. In that order Judge Shaw stated that in his order of March 27, 2006, he "did not find that (1) the limitations of the claims in the '846 patent were present in the prior, or (2) the plaintiff knew of and failed to disclose the prior art to the Patent Office."

Judge Shaw's order shows that a key assertion by Laube about why this case should be dismissed with prejudice is unfounded. As a result, I find that a dismissal of FURminator's claims without prejudice is warranted in this matter.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff FURminator, Inc.'s motion to voluntarily dismiss all claims without prejudice and to dismiss Defendant Kim Laube & Company, Inc.'s declaratory judgment counterclaims [#53] is **GRANTED**.

**IT IS FURTHER ORDERED that** if FURminator files a new action against Kim Laube Company, Inc. claiming infringement of Patent Nos. '846 or '076, FURminator shall pay Laube's reasonable fees and costs incurred in defending the present action.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2008.