UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR , INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06CV1314 RWS |
| ) | |
| KIM LAUBE & CO., INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff FURminator, Inc. filed this matter asserting patent infringement by Defendant Kim Laube & Co. concerning two pet grooming patents. FURminator alleged that Laube's products, the iVac grooming tool and the Lazor Blade Rake grooming tool, infringed upon FURminator's U.S. Patent Nos. 6,782,846 (the '846 patent) and 7,007,076 (the '076 patent). On July 25, 2007, FURminator moved for a partial dismissal based on a covenant not to sue which it provided to Laube on July 24, 2007. The covenant agreed not to pursue litigation against Laube regarding the '846 and '076 patents for any of the products offered for sale on Laube's websites as of July 20, 2007 (which included the two products in dispute in this case). Based on this covenant a partial dismissal was granted on January 7, 2008. The parties then filed a stipulation of dismissal of Laube's pending counterclaims and this action was dismissed on January 15, 2008.

The January 7, 2008 order of partial dismissal stated that "if FURminator files a new action against Kim Laube Company, Inc. claiming infringement of Patent Nos. '846 or '076, FURminator shall pay Laube's reasonable fees and costs incurred in defending the present action."

On February 26, 2008, FURminatior sued Laube in the United States District Court for

the Eastern District of Texas for patent infringement of FURminator's U.S. Patent No. 7,334,540 (the '540 patent) relating to the two tools involved in this suit, the iVac and the Lazor Blade Rake, as well as a new Laube product the Quick Change Tool. I note that the '540 patent was not issued until several months after FURminator granted Laube its covenant not to sue in this case and the Quick Change Tool was not included in the covenant.

On August 21, 2009, Laube filed a motion seeking attorney fees and costs incurred in this action based upon FURminators's suit filed in Texas. Laube asserts that the '540 patent is simply a continuation of the '846 and '076 patents and therefore violates in spirit if not the letter of the covenant not to sue issued in this case.

My order of January 7, 2008 made the recovery of attorneys fees and costs from this suit contingent upon FURminator's filing "a new action against Kim Laube Company, Inc. claiming infringement of Patent Nos. '846 or '076." The order did not include or contemplate any continuation of these patents or any other similar patents. The order was limited to Patent Nos. '846 and '076. Because FURminator has not brought suit against Laube for infringement of these named patents I will deny Laube's motion for attorney fees and costs.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Kim Laube & Co.'s motion for attorney fees [#70] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2009.